UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 21, 2015

Roland Eddie Handy
P.O. Box 3248
Salisbury, Maryland  21802

Benjamin B. Prevas
Social Security Administration
Altmeyer Building
6401 Security Boulevard, Room 617
Baltimore, Maryland 21235

RE:   *Roland Eddie Handy v. Commissioner, Social Security Administration*;
      Civil No. SAG-09-166

Dear Mr. Handy and Counsel:

On January 26, 2009, Plaintiff Roland Eddie Handy, who now appears *pro se,* petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. [ECF No. 1]. I have considered the Commissioner's Motion for Summary Judgment.[1] [ECF No. 55]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the Commissioner's motion, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Mr. Handy filed his claim for benefits on June 23, 2005, alleging a disability onset date of January 1, 1998. (Tr. 56-63). Because Mr. Handy had a date last insured of June 30, 1999, in order to qualify for benefits, he had to establish disability within the eighteen month period between his onset date and his date last insured. (Tr. 70). His claim was denied initially and on reconsideration. (Tr. 28-30, 35-36). A hearing was held on April 10, 2006, before an Administrative Law Judge ("ALJ"). (Tr. 524-46). Following the hearing, on December 9, 2006, the ALJ determined that Mr. Handy was not disabled within the meaning of the Social Security

---

[1] On November 20, 2015, the Commissioner filed the instant Motion for Summary Judgment. [ECF No. 55]. On November 24, 2015, the Clerk's Office mailed a Rule 12/56 letter to Mr. Handy, advising him that a failure to oppose the Commissioner's motion could result in judgment being entered against him. [ECF No. 56]. Mr. Handy filed a Motion for Extension of Time to file a response to the Commissioner's Motion on December 18, 2015. [ECF No. 57]. Mr. Handy's Motion is DENIED AS MOOT since his case is already being remanded, and further briefing will not better his case.

Act during the relevant time frame. (Tr. 14-22). The Appeals Council denied Mr. Handy's request for review, (Tr. 4-7), and Mr. Handy appealed to this Court. The Commissioner consented to remand of the case for additional consideration. (Tr. 414-15). A second hearing was held on September 18, 2008 (Tr. 868-96), after which the ALJ issued another unfavorable decision. (Tr. 568-577). Mr. Handy then filed the instant appeal in this Court. [ECF No. 1]. The Commissioner requested that the case be voluntarily remanded to the Agency for consideration of additional medical evidence, and this Court issued an order to that effect on May 12, 2010. (Tr. 602). Almost two years later, the Appeals Council remanded the case to a different ALJ for a new hearing and decision. (Tr. 609-10). The new ALJ held a hearing on October 17, 2012, during which she heard testimony from Mr. Handy, a medical expert, a psychological expert, and a vocational expert ("VE"). (Tr. 811-67). On December 7, 2012, the ALJ issued a decision again denying benefits to Mr. Handy, (Tr. 550-63), which now constitutes the final, reviewable decision of the Agency. Because the original remand of Mr. Handy's case had been pursuant to sentence six, this Court granted a consent motion to reopen this appeal to consider the 2012 decision. [ECF Nos. 39, 40].

The ALJ found that Mr. Handy suffered from the severe impairments of major depressive disorder, chronic back sprain and strain, spina bifida occulta, and asthma. (Tr. 555). Despite these impairments, the ALJ determined that Mr. Handy retained the residual functional capacity ("RFC") during the relevant period to:

> perform medium work as defined in 20 CFR 404.1567(c) except he should avoid exposure to gas, dust, fumes, odors; he was limited to simple, routine, repetitive tasks involving short, simple instructions in an environment with few workplace changes, no public contact, and only brief, infrequent contact with supervisors and coworkers not requiring teamwork or collaboration.

(Tr. 559). After considering the testimony of the VE, the ALJ determined that Mr. Handy could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled prior to his date last insured. (Tr. 562-63).

Although I see no other error in the ALJ's 2012 opinion, I have considered Mr. Handy's case under the dictates of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), a Social Security appeal from the Eastern District of North Carolina. Because the ALJ's evaluation of Mr. Handy's "moderate limitation" in concentration, persistence, or pace was inadequate under *Mascio*, remand is warranted. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Mr. Handy was not entitled to benefits was correct or incorrect.

As background, on March 18, 2015, the United States Court of Appeals for the Fourth Circuit published its opinion in *Mascio*. In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, one of which is relevant to the analysis of this case. Specifically, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than

unskilled work,[2] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

This case is partially distinguishable from *Mascio*. At step three of the sequential evaluation, the ALJ determined that, "with regard to concentration, persistence or pace," Mr. Handy had "moderate difficulties." (Tr. 559). The entirety of the step three analysis on that issue states, "[W]ith regard to concentration, persistence or pace, the claimant had moderate difficulties. He is able to read and drive a car, both of which require concentration."[3] *Id.* That analysis suggests that the ALJ felt that Mr. Handy's ability to concentrate would not present a serious impediment to his ability to work. However, according to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

---

[2] The hypothetical the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

[3] It appears that the ALJ based his assessment on the testimony of the psychological expert, who stated, "[A]nd in concentration, persistence, and pace – [INAUDIBLE] to read, drive a car. I could tell you, driving requires a great deal of concentration. Watching news on TV. I'm going to call this overall moderate impairment." (Tr. 855). That testimony suffers from the same lack of explanation as the ALJ's opinion.

*Roland Eddie Handy v. Commissioner, Social Security Administration*
Civil No. SAG-09-166
December 21, 2015
Page 4

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4).

As noted above, the ALJ imposed a RFC restriction to "simple, routine, repetitive tasks involving short, simple instructions in an environment with few workplace changes, no public contact, and only brief, infrequent contact with supervisors and coworkers not requiring teamwork or collaboration." (Tr. 559). The assessment imposes several restrictions corresponding with the finding of moderate difficulties in social functioning, and restrictions which appear designed to address cognitive challenges. *Id.* However, there is no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace. The explanation may be that the ALJ did not believe any restriction to be necessary, but what is missing from the ALJ's opinion is a rationale for why the ALJ believed Mr. Handy to have a "moderate limitation" instead of "mild" or "no" limitation in the ability to concentrate and perform work at a sustained pace for a prolonged period.[4] Without an understanding of why the ALJ believes Mr. Handy to have moderate difficulties with concentration, persistence, or pace, and what if any effect those difficulties would have on his ability to sustain work, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

For the reasons set forth herein, Defendant's Motion for Summary Judgment [ECF No. 55] is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

---

[4] Before *Mascio*, an ALJ's determination that a claimant had a moderate limitation, as opposed to a mild limitation or no limitation, had no meaningful significance. The only finding that potentially triggered application of a listing was a finding of a "marked" limitation. Thus, an ALJ's failure to provide extensive explanation to justify a "moderate" finding would have been, at most, harmless error. That situation is different post-*Mascio*, since a reviewing court has to understand the rationale behind a finding of moderate limitation in order to assess the validity of the presence or absence of corresponding limitations in an RFC. An ALJ finding a moderate limitation, therefore, has to ensure that the precise nature of that limitation is addressed in detail, like in *Dean v. Comm'r, Social Sec. Admin.*, No. SAG-14-1127, 2015 WL 1431548, at *3 (D. Md. Mar. 26, 2015). In *Dean,* the ALJ expressly addressed the reasons for finding a moderate limitation in concentration, persistence, and pace and the reasons why that finding did not translate into any RFC limitation. The analysis in this case does not meet that standard.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                      Sincerely yours,

                                            /s/

                                      Stephanie A. Gallagher
                                      United States Magistrate Judge